IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFERY WAYNE MASON, PRO SE, also known as JEFFERY W. MASON, TDCJ-CID No. 403201, § § § § | | |
| Plaintiff, § § | | |
| v. § | 2:11-CV-0184 | |
| BILL BATEN ISF; BOARD OF PARDONS AND PAROLES; LARRY GREEN, DPO2; JOHN SLAWSON; and MILTON MOORE, § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JEFFERY WAYNE MASON, acting *pro se* and while incarcerated as a prisoner in the Baten Intermediate Sanction Facility, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed *in forma pauperis*.

Plaintiff claims his constitutional rights were violated at his parole revocation hearing when he was denied legal representation and received an unfavorable determination, all despite his M.H.M.R. status. As a result, plaintiff was sent to an intermediate sanction facility.

Plaintiff requests to be released and awarded $1,000.00 for lost wages from the job he had "before confinement."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will also support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Therefore, plaintiff's request that his conviction be overturned and removed from his record and that he be immediately released from incarceration must be pursued through an action in habeas corpus.

Concerning plaintiff's remaining claims for monetary relief, to the extent any these claims sound in civil rights, they are barred by plaintiff's present inability to meet the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff's pleading shows he has never successfully appealed his parole revocation or had it cast into doubt by a successful habeas action or otherwise. It is clear his parole revocation has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenge to his parole revocation lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Plaintiff's Civil Rights Claims are DISMISSED AS FRIVOLOUS WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711; the Inmate Trust Fund, P.O. Box 629,

Huntsville, Texas 77342–0629, fax: 936-437-4793; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

    It is SO ORDERED.

    Signed this the \_\_\_\_7th\_\_\_\_ day of October, 2011.

                                           MARY LOU ROBINSON
                                           United States District Judge